**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Tony Marks Racing, LLC,            Case No. 3:14CV1568

    Plaintiff

    v.                             **ORDER**

VR-12, LLC, et al.,

    Defendants,

      This is a diversity suit between a corporate owner of a racing car and the producer (defendant VR-12, LLC) and distributor (defendant Freezetone Products, Inc.) of a radiator coolant additive. Defendant Luis M. Latour, whom plaintiff sues in his individual and representative capacities, owns the two corporate defendants.

      The gravamen of the complaint is an oral sponsorship agreement between plaintiff and VR-12. The parties dispute the locus of the agreement and whether it and the alleged consequences of any nonperformance have sufficient nexus with Ohio to give rise to personal jurisdiction over any or all the defendants.

      Pending is defendants' motion to dismiss for want of such jurisdiction (or, in the alternative, to transfer this case to the Southern District of Florida, the defendants' place of residence). (Doc. 4).

On review of the briefs, I conclude that the complaint has insufficient facts to support a *prima facie* showing of personal jurisdiction. Its assertion of personal jurisdiction is conclusory:

> Personal jurisdiction and venue are appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) as the acts giving rise to the claim asserted occurred and the damages are continuing to accrue and occur in Wood County, Ohio.

(Doc. 1, ¶ 12).

This is not enough:

> Current pleading standards require the plaintiff to allege specific facts in the complaint (see generally *Bell Atlantic Corp. V.* [sic] *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)), and this standard also applies to findings of personal jurisdiction. *Palnik* [*v. Westlake Entertainment, Inc.*], 344 Fed. Appx. [249] at 251 [(6th Cir. 2009)]. Even before the new heightened pleading standards, the Sixth Circuit has required a plaintiff to "set forth specific facts showing that the court has jurisdiction," not merely relying on the pleading, when the defendant has submitted a properly supported motion for dismissal (as Defendants have here). *Theunisson v. Matthews*, 935 F.2d 1454, 1458 (6th Cir.1991).

*Chencinski v. Murga,* 2013 WL 3810344, 5 (E.D.Mich.) (E.D.Mich.,2013).

Perhaps, before *Twombley/Iqbal*, a plaintiff could use a response to a motion to dismiss to tidy up any failings in the complaint regarding the court's personal jurisdiction. But that is no longer enough. And it makes sense that this is so: a party formally frames its cause through its statements in the complaint, and it should do so with the same specificity, and as much detail as reasonably available and possible, with regard to *sine qua non* jurisdictional facts as with substantive facts.

I will, therefore, *sua sponte* grant leave to the plaintiff to file an amended complaint to meet its obligations under *Twombley/Iqbal* with regard to its allegations of personal jurisdiction. I will also deny defendants' motion to dismiss without prejudice to renew once plaintiff files its amended complaint.

It is, accordingly, hereby

ORDERED THAT:

1. Defendants' motion to dismiss (Doc. 4) be, and the same hereby is, overruled, without prejudice;

2. Leave be, and the same hereby is, granted *sua sponte* to plaintiff to file an amended complaint on or before January 5, 2015; defendants to answer or otherwise plead on or before January 30, 2015; if defendants renew their motion to dismiss, plaintiff to file opposition on or before February 20, 2015; reply due March 2, 2015.

The Clerk shall forthwith schedule a telephonic status/scheduling conference.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge