# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Tony Marks Racing, LLC,　　　　　　　　　　　　Case No. 3:14CV1568

    Plaintiff

    v.　　　　　　　　　　　　　　　　　　　　　**ORDER**

VR–12, LLC, et al.,

    Defendants

    This is a breach-of-contract suit in which one of the defendants, Luis M. Latour, has again moved for summary judgment. (Doc. 77).

    The plaintiff alleges that Latour and one of his companies, co-defendant VR–12, LLC, contracted to sponsor plaintiff's race car during the 2011 season of the Automobile Racing Club of America (ARCA). Plaintiff claims, *inter alia*, that Latour, at the urging of ARCA representatives, personally guaranteed VR–12's alleged obligation to plaintiff (which amounted to $950,000).

    I previously held there was sufficient evidence to permit a jury to find that Latour made a collateral or secondary promise to answer for VR–12's alleged debt. *Tony Marks Racing, LLC v. VR–12, LLC*, 2017 WL 1328769, *6–8 (N.D. Ohio). That evidence consisted of the sworn testimony of Tony Marks, the owner of Tony Marks Racing, LLC, that Latour had made such a promise in Daytona, Florida, in the presence of an ARCA representative.

    Following the entry of that order, the parties undertook additional discovery, including the deposition of Mark Gundrum, ARCA's Vice President of Business Development and Corporate

Partnerships. (Doc. 79–3). Gundrum testified that he was present during the Daytona conversation between Latour and Marks, and that: 1) Latour never personally guaranteed VR–12's obligation to the plaintiff; and 2) Gundrum never asked Latour to make such a guarantee. (*Id.* at 5).

On the basis of this evidence, Latour again argues that he is entitled to summary judgment on plaintiff's breach-of-contract and promissory-estoppel claims. According to Latour, no genuine factual dispute exists as to whether he made the guarantee because both he and Gundrum deny the existence of the guarantee, whereas plaintiff's evidence consists of nothing but "unsupported, self-serving statements which are belied by independent record evidence[.]" (Doc. 77-11 at 11).

Latour's argument has no merit.

Granting summary judgment to Latour on the basis of Gundrum's testimony (and Latour's own "self-serving" assertion that he never made a guarantee) would require me to believe their testimony over that of Marks's. But that gets summary-judgment practice exactly backwards:

> Despite the lack of corroborating evidence, Plaintiff's testimony is sufficient to create a genuine dispute of material fact that forecloses summary judgment at this juncture.
>
> \* \* \*
>
> On summary judgment, all reasonable inferences must be made in favor of the non-moving party and, as we have held in the past, a plaintiff's testimony alone may be sufficient to create a genuine issue of material fact thereby defeating a defendant's motion for summary judgment.

*Moran v. Al Basit LLC*, 788 F.3d 201, 206 (6th Cir. 2015).

Here, Marks was a participant in the disputed conversation, and he obviously has the personal knowledge needed to testify about what Latour said. Accordingly, I cannot "disregard [plaintiff's] status as an appropriate fact witness simply because he is a party to this case . . . The lack of

corroboration goes to his testimony's ultimate weight, not its sufficiency under Rule 56." *Golden v. Met. Gov't of Nashville and Davidson Cnty.*, 263 F. Supp. 3d 684, 694 (M.D. Tenn. 2017).

Furthermore, Latour cites no controlling authority requiring me to ignore or discredit Marks's testimony on the ground it is "self-serving." (Doc. 77–1 at 11–12).

For example, the court in *U.S. ex rel. Compton v. Midwest Specialties, Inc.*, 142 F.3d 296, 302–03 (6th Cir. 1998), held that a "self serving" affidavit could not defeat the plaintiff's motion for summary judgment, but only because, in violation of the "sham affidavit" rule, the affidavit contradicted the affiant's own prior sworn testimony.

The Circuit also declined, in *Hoffner v. Bradshaw*, 622 F.3d 487, 500 (6th Cir. 2010), to credit a "self-serving" affidavit declaring that a habeas petitioner had not received *Miranda* warnings. But *Hoffner* was a habeas case, the Circuit was not evaluating the evidence through the prism of Rule 56, and the critical issue was not whether the petitioner had, in fact, received *Miranda* warnings, but whether trial counsel was ineffective for not moving to suppress statements because of an alleged *Miranda* violation.

In *Whitley v. Spencer Cnty. Police Dep't*, 178 F.3d 1298, *3 (6th Cir. 1999), the plaintiff alleged that defendants were deliberately indifferent to the serious medical needs arising from an alleged gunshot wound to his head. Because the objective medical evidence "revealed no evidence of a gunshot wound to the head," the Circuit held that plaintiff's "self-serving" and "conclusory" allegations that he had "scratches" and "some kind of wound over his right eye" did not create a genuine factual dispute as to whether plaintiff had a gunshot wound to his head.

That situation is a far cry from this case, where there is no objective record of the disputed conversation, and the participants have different recollections of what was said.

3

Latour also cites two district court cases, but I do not find either to be persuasive here.

The deficiency in the affidavit in *Bd. of Trustees v. Humbert*, 2016 WL 705243, *10 (S.D. Ohio), was not so much its "self-serving" nature, but its lack of "specific information supporting" its "generalized and conclusory allegations." But Marks has testified specifically that Latour made the guarantee during the Daytona conversation, so *Humbert* is inapplicable.

Finally, I recognize that the court in *Wolfe v. Village of Brice, Ohio*, 37 F. Supp. 2d 1021, 1026 (S.D. Ohio 1999), held that plaintiff's testimony about the last date his business operated was insufficient to create a material factual dispute on that question. But for the reasons set forth above, I do not believe *Wolfe* applied the controlling Sixth Circuit standard.[1]

It is, therefore,

ORDERED THAT Latour's renewed motion for summary judgment (Doc. 77) be, and the same hereby is, denied.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

[1] Notably, the court in *Wolfe* did not "rests its decision [granting summary judgment] on Plaintiff's lack of evidence" as to when his business ceased operations, but instead went on to decide the case on alternative grounds. *Id.* at 1026–27.